UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAY VINCENT THOMAS,

    Petitioner,

vs.         Case No.   2:09-cv-809-FtM-99SPC

SECRETARY, DOC, FLORIDA ATTORNEY
GENERAL,

    Respondent.

_____

## OPINION AND ORDER

### I. Status

Ray Vincent Thomas (hereinafter "Petitioner" or "Thomas") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254. Thomas submitted an appendix in support of his Petition (Doc. #2, Appendix to Petition).[1]  Thomas challenges his 2003 convictions, after a jury trial, for sale or delivery of marijuana within 1000 feet of a place of worship (count I); and the lesser included offense of simple possession of marijuana (count II).[2]  Petition at

_____

[1]The Rules Governing Section 2254 Cases directs the respondent to file a response to petition to include the state court transcripts.  See Rule 5 (c)-(d).  Here, Petitioner attaches an Appendix with exhibits that include his postconviction filings and the postconviction court orders.  See Exhibits A-C.  Petitioner did not file a motion to expand the record.  See generally Rule 7. Respondent did not object the Appendix or deny the correctness of the materials.  Id. at Rule 7(c).  Nonetheless, because the Appendix contains exhibits already included within the exhibits submitted by Respondent, the Court will not consider the Appendix.

[2]Petitioner was charged by Information with one count of sale
(continued...)

1.  Petitioner's sentence and conviction were *per curiam* affirmed on direct appeal on March 5, 2007.  Thomas v. State, 950 So. 2d 1247 (Fla. 2d DCA 2007).  The Petition identifies nineteen grounds for relief.  See generally Petition.

Respondent filed a Response to the Petition (Doc. #18, Response), and attached exhibits in support (Exhs. 1-27), including the five-volume record on appeal (Exh. 27, Vols. I-V).  Respondent concedes that the Petition is timely filed pursuant to 28 U.S.C. § 2244(d), but contends that the Petition must be denied because the claims fail to raise a federal issue, are procedurally barred, or fail to satisfy the requirements of § 2254(d) and (e).  Response at 9.  Petitioner filed a Reply to the Response (Doc. #24, Reply) and submitted exhibits in support of the Reply.  See List of Exhibits (Doc. #26).  This matter is ripe for review.

## II.  Applicable § 2254 Law

### A.  Exhaustion and Procedural Default

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue.  28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its

---

[2](...continued)
of cannabis (marijuana) within 1000 feet of a place of worship (count I), and one count of possession of cannabis (marijuana) with intent to sell (count II).  Exh. 27, Vol. I at 5-7.

> prisoners' federal rights.  To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted).  This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").  Additionally, in articulating a factual basis in support of a claim for relief, a petitioner must have also alleged the factual predicate to the state court.  Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1343-44 (11th Cir. 2004)(noting that petitioners may not present particular factual

-3-

instances of ineffective assistance of counsel in their federal petition if they did not first raise them in the state courts).

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief. . . ." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001). A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d at 1190. In Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the prisoner "must also

-4-

demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### B. Deferential Review Required By AEDPA

Petitioner filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>Cullen v. Pinholster</u>, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." <u>Id.</u> (internal quotations and citations omitted). <u>See</u> <u>also</u> <u>Harrington v. Richter</u>, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." <u>Childers v. Floyd</u>, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. <u>Id.</u>; <u>see</u> <u>also</u> <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." <u>Childers v. Floyd</u>, 642 F.3d at 969 (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." <u>Thaler v. Haynes</u>, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); <u>see</u> <u>also</u> <u>Carey v. Musladin</u>, 549 U.S. 70,

74 (2006)(citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." <u>Ponticelli v. Sec'y, Fla. Dep't of Corr.</u>, 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in <u>Harrington v. Richter</u>, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. <u>Id.</u> (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." <u>Stephens v. Hall</u>, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. <u>Id.</u>

## C. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. <u>Newland</u>, 527 F.3d at 1184. In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, <u>i.e.</u>, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, <u>i.e.</u>, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

-8-

reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S.Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case,

could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).

### III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 127 S. Ct. at 1940; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).

At the outset the Court notes that Petitioner fails to identify in any of his grounds for relief how the state courts erred. In particular, Petitioner does not identify any errors in the state court's factual findings, nor does he allege yet alone "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>,

562 U.S. ___, 131 S.Ct. 770, 786-87 (2011).  Nonetheless, in an
abundance of caution, the Court will address each of the grounds
for relief.

**Grounds 1-15:  Ineffective Assistance of Counsel**

In his **first ground** for relief, Petitioner contends trial
counsel was ineffective for failing to have Petitioner physically
present during the editing or redacting of the video tape.
Petition at 7.  As factual support, Petitioner states that, after
his trial commenced, the court had a recess at which time trial
counsel and the State Attorney edited the video tape, which was
later shown to the jury.  Id.  Petitioner contends that he was not
appraised of the editing, nor was he afforded an opportunity to
assert his right to attend.  Id.  Petitioner also claims he was not
allowed to confront the evidence and prepare a cross-examination of
the evidence.  Id.  Petitioner raised this claim as ground one in
his Rule 3.850 motion.  Exh. 18 at 4.  The appellate court *per
curiam* affirmed the postconviction court's order summarily denying
this claim.  Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009);
Exh. 23.

In denying Petitioner relief, the postconviction court held:

Defendant has failed to demonstrate how the editing of a
video by the state would constitute a crucial proceeding
for which Defendant had a constitutional right to be
present, or how he would have been entitled to be
included in the State's decision making process as to
what parts of its evidence tape it chose to offer into
evidence. Additionally, according to the transcript
[T.118], the video was edited by the State in order to
remove offensive comments that might prejudice Defendant.
Defendant has not met his burden as to either prong of

Strickland, as he has failed to show counsel was
unreasonable, or that the verdict would have been
different had Defendant been present during editing.

Exh. 20 at pp. 2-3, ¶10.

Here the postconviction court correctly cited to and applied
the two-prong analysis of Strickland. The findings made by the
postconviction court are presumed correct, and the record supports
the court's findings. Here, the video was redacted for the purpose
of removing "offensive comments and evidence." Exh. 27, Vol. 2 at
118. There is no evidence in the record that either Petitioner or
his attorney was present when the State redacted the tape, but
defense counsel did have the opportunity to review the videotape
twice. Id. at 119. By stipulation, the videotape was not
transcribed during the trial. Id. at 118. Moreover, while a
criminal defendant has a constitutional "right to be present at any
stage of the criminal proceeding that is critical to its outcome,"
Kentucky v. Stincer, 482 U.S. 730, 745 (1987), Petitioner has cited
no supreme court authority which supports his position that the
redacting of a videotape is a critical stage of a criminal
proceeding. Consequently, the State courts' decisions were not
contrary to or an unreasonable application of clearly established
federal law, and the Court denies Petitioner relief on ground one.

In his **second ground** for relief, Petitioner faults trial
counsel for failing to object and preserve for appellate review
Deputy Portoff's testimony concerning the identification of
Petitioner's voice on the audio recording. Petition at 9. More

-12-

specifically, Deputy Portoff, who was monitoring the audio of the recorded undercover transaction was asked on direct examination whether he recognized the voice on the audio.  Id.  Deputy Portoff testified in the affirmative, stating that the voice belonged to Petitioner who was "personally known" to the Deputy.  Id. Petitioner contends that the Deputy's testimony "implicated in the jury's mind that Petitioner has some other dealings with this deputy.  Which highly poisoned the minds of the jury."  Id. Petitioner raised this claim as ground two in his Rule 3.850 motion. Exh. 18 at 9.  The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim.  Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court denied Petitioner relief, and found Petitioner's "argument is speculation, as officers encounter members of the public routinely without arresting them."  Exh. 20 at 3, ¶11.  The postconviction court further found that Petitioner "failed to show counsel's performance was unreasonable, and failed to show how the verdict would have been different, as [Thomas] was visually identified by the other officers, and there was video evidence."  Id.

The Court finds that the State courts' adjudication of this ground  were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceedings.  Here, Officer Portoff, who was "in the audio back-up video" testified that he "recognized the voice on the audio equipment as belonging to Ray Vincent Thomas, who is personally known to me."  Exh. 27, Vol. II at 145-46.  Significantly, Officer Portoff testified only that he knew Petitioner.  Petitioner's contention that this innocuous statement improperly inferred that he had prior contact with Officer Portoff in an official capacity; and thus, suggests prior criminal activity by Petitioner, is purely speculative.  Consequently, Petitioner cannot demonstrate the deficiency prong of Strickland.  Even assuming that the statement was improper, Petitioner cannot show that the error had a "substantial and injurious effect or influence on the jury's verdict" in light of the other compelling eyewitness and videotaped evidence.  Fry v. Pliler, 551 U.S. 112, 122 (2007).  Thus, the Court finds ground two is without merit.

In his **third ground** for relief, Petitioner claims that trial counsel was ineffective because counsel failed to obtain Petitioner's consent when he conceded Petitioner's guilt during closing argument.  Petition at 10.  In support, Petitioner claims that trial counsel abandoned the agreed upon actual innocence strategy and argued that Petitioner was guilty of the lesser included offense.  Id.  Petitioner raised this claim as ground three in his Rule 3.850 motion.  Exh. 18 at 15.  The appellate court *per curiam* affirmed the postconviction court's order

-14-

summarily denying this claim. <u>Thomas v. State</u>, 22 So. 3d 554 (Fla.
2d DCA 2009); Exh. 23.

The record reveals that during closing, trial counsel made the
following argument in discussing the lesser included offenses on
the verdict form:

> I submit to you that none of them [the lesser included
> crimes] fit except maybe (d), defendant is guilty of
> delivery of not more than 20 grams of cannabis without
> consideration.   Now, you've got to find there was a
> delivery. <u>We're suggesting that that doesn't really fit
> either</u>.

Exh. 27, Vol. III at 222 (emphasis added).    The postconviction
court concluded that  the record refuted Petitioner's claim that
trial counsel conceded guilt and further found counsel's actions
constituted sound trial strategy.

> It appears from the transcript [T. 222] that counsel was
> arguing that the elements of the charged crimes were not
> met, that the elements of the lesser included offenses
> were not met either, and that, at the very most, the jury
> should find Defendant guilty of one particular lesser
> included offense.  Strategic or tactical decisions of
> counsel do not constitute ineffective assistance of
> counsel. <u>Gonzales v. State</u>, 691 So.2d 602 (Fla. 4th DCA
> 1997).  Determinations as to whether certain actions
> constitute "trial strategy" are usually made after an
> evidentiary hearing.  However, this is a unique situation
> where the trial transcript expressly demonstrates
> counsel's argument was conscious and strategic, and
> conclusively refutes Defendant's claim that counsel was
> ineffective within the meaning of <u>Strickland</u>.

Exh. 20 at 3-4, ¶12.

Initially, the Court finds that trial counsel did not concede
Petitioner's guilt to the offenses with which Petitioner was
charged, but instead argued to the jury that the State "maybe"

could prove the lesser included offense of delivery.  Thus, trial counsel did not enter a guilty plea on Petitioner's behalf without his consent.  Florida v. Nixon, 543 U.S. 175, 187 (2004)(holding that a concession of guilt to a lesser included offense is not the functional equivalent of a guilty plea); see also McNeal v. Wainwright, 722 F.2d 674, 677 (11th Cir. 1984)(distinguishing that a tactical decision to admit to a lesser offense does not amount to guilty plea without a defendant's consent and the tactical decision does not require a client's consent).

Thus, Petitioner bears the burden of proving that trial counsel's decision to concede that he "maybe" was guilty of the lesser included offense was objectively unreasonable; and, that but for counsel's concession, there is a reasonable possibility that the outcome of his trial could have been different.  Nixon, 543 U.S. at 189.  Based upon the record, trial counsel's statement to the jury that "maybe" Petitioner is guilty of delivery was reasonable.  The State had videotaped and eyewitness evidence of Petitioner engaging in an undercover drug transaction.  The decision to admit to certain uncontested facts was a tactical decision and is entitled to deferential review.  "Counsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in 'a useless charade' [by failing to concede overwhelming guilt]."  Nixon, 543 U.S. at 192 (quoting United States v. Cronic, 466 U.S. 648, 656 n. 19).

The Court finds that the State courts' factual determinations

were not unreasonable determinations based on the evidence
presented. Additionally, the State courts' decisions were not
contrary to or an unreasonable application of clearly established
federal law. As noted above, counsel's actions are deemed
reasonable. Consequently, the Court will deny ground three as
without merit.

In **ground four**, Petitioner faults trial counsel for failing to
insure that a <u>Richardson</u>[3] discovery violation hearing took place
<u>before</u> the trial court made his ruling. Petition at 12 (emphasis
added). In support, Petitioner argues that the trial court "was
required to carefully scrutinize the events surrounding the
State's" disclosure of the videotapes "before" the hearing. <u>Id.</u>
Petitioner raised this claim as ground four in his Rule 3.850
motion. Exh. 18 at 20. The appellate court *per curiam* affirmed
the postconviction court's order summarily denying this claim.
<u>Thomas v. State</u>, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court denied this claim as conclusively
refuted by the record finding, "[t]he transcript shows that counsel
did object and move to suppress the video, and that the trial court
did call the subsequent discussion a <u>Richardson</u> hearing [T. 95-
100]." Exh. 20 at p. 4, ¶13. Indeed, a review of the record
reveals that the trial court considered the <u>Richardson</u> factors in

_____

[3]<u>Richardson v. State</u>, 246 So. 2d 771 (Fla. 1971).

determining whether a discovery violation had occurred and concluded: (1) there was no discovery violation; (2) the violation, if any, was inadvertent and immaterial; and (3) Petitioner was not prejudiced by his failure to review the videotape produced by a second camera at the scene of the drug transaction. Exh 27, Vol. II at 95-105. Consequently, ground four is clearly refuted by the record and without merit.

In **ground five**, Petitioner alleges trial counsel was ineffective for "failing to adequately insure the outcome of the Richardson hearing." Petition at 14. In support, Petitioner argues that trial counsel "did not object to the State Attorney's misleading of the Court during the hearing." Id. In particular, Petitioner asserts that the deposition testimony of Detective Barbara Hare indicated that the State only had one videotape. Id. Petitioner raised this claim as ground five in his Rule 3.850 motion. Exh. 18 at 22. The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim. Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

> In denying this claim, the postconviction court found:
>
> The trial transcript reflects that counsel did move to suppress the video, did argue for suppression of the video, and that the trial court denied this motion [T. 95-100]. Counsel cannot be deemed ineffective for failing to prevail on an issue raised and properly rejected by the trial court. Spencer v. State, 842 So. 2d 52 (Fla. 2003); Teffeteller v. Dugger, 734 So. 2d 1009, 1020 (Fla. 1999).

Exh. 20 at 4, ¶14.

The Court finds that the State courts' factual determinations are supported by the record. In fact, when trial counsel moved for the suppression of the tape, counsel specifically pointed to Ms. Hare's testimony that she did not know the location of the second videotape during her deposition. Exh. 27, Vol. II at 99. The fact that counsel did not prevail on his motion cannot form a basis of a claim of ineffective assistance of counsel. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000)(stating "[n]or does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness). Consequently, Petitioner fails to demonstrate how the State courts' decisions were contrary to or an unreasonable application of clearly established federal law, and the Court will deny ground five as without merit.

In ground six, Petitioner assigns error to counsel "for failing to file a proper motion for judgment of acquittal" and failing to make a record "with an adequate proffer to preserve issues for intelligent review on appeal." Petition at 15. In support, Petitioner argues that trial counsel argued for a judgment of acquittal "without filing a written motion" and "not arguing the points of law" and "failing to properly preserve the outcome of the J.O.A. for appellate review." Id. Petitioner raised this claim as ground six in his Rule 3.850 motion. Exh. 18 at 26. The appellate court per curiam affirmed the postconviction court's order summarily denying this claim. Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court denied this claim for the same reasons set forth in the denial of ground five, finding:

> The record reflects that counsel made several arguments for judgment of acquittal, and the trial court denied the motion and renewed motion [T. 191-197; 245]. Counsel cannot be deemed ineffective for failing to prevail on an issue raised and properly rejected by the trial court. Spencer v. State, 842 So. 2d 52 (Fla. 2003); Teffeteller v. Dugger, 734 So. 2d 1009, 1020 (Fla. 1999). To the extent that Defendant argues there was insufficient evidence to convict him, insufficiency of the evidence is not properly raised in a 3.850 motion under the guise of ineffective assistance of counsel.

Exh. 20 at 4, ¶15.

The State court's finding are supported by the record. After the State rested, trial counsel, with Petitioner present and in open court, made a lengthy motion for judgment of acquittal regarding count one and another lengthy motion for judgment of acquittal regarding count two. Exh 27, Vol. III at 191-194. Trial counsel also made a motion for judgment of acquittal regarding the "church" element of the sale of cannabis with 1000 feet of a church charge. Id. at 196-197. Counsel did not make a bare-bones motion for judgment of acquittal. See Id. at 191-94, 196-97. Trial counsel again renewed his motion for judgment of acquittal before the trial ended. Id. at 245. In fact, in his Anders[4] brief, appellate counsel directed the appeals court to the issue of whether the trial court erred in denying Petitioner's motion for acquittal. Exh. 1, Issue III. Consequently, the Court finds the claim is refuted by the record.

---

[4] Anders v. California, 386 U.S. 738 (1967).

Further, as noted above, trial counsel cannot be deemed ineffective for failing to persuade the court to rule in the Petitioner's favor. Based upon the foregoing, the Court finds that the State courts' decisions were not contrary to nor an unreasonable application of clearly established federal law. Thus, the Court denies Petitioner relief on ground six.

In **ground seven**, Petitioner claims his attorney was ineffective in failing to object to the State Attorney committing a <u>Giglio</u>[5] violation.   Petition at 17.   As factual support, Petitioner claims that the State Attorney and Detectives Hare and Burch all falsely testified about the amount of money (ten dollars) given to Petitioner for the purchase of marijuana.   <u>Id.</u>  Petitioner states that "there was but one money transaction and it was for twenty (20) dollars of crack cocaine, not marijuana."   <u>Id.</u> Petitioner raised this claim as ground seven in his Rule 3.850 motion.   Exh. 18 at 31.   The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim. <u>Thomas v. State</u>, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court denied this claim on the following basis:

> The record reflects testimony that the undercover officers requested marijuana, Defendant said he did not have any, and bought the marijuana from someone else for the undercover officers, with their $10 bill. Defendant's argument that he was not given $10, because he did not keep it, is semantics,

---

[5]<u>Giglio v. U.S.</u>, 405 U.S. 150 (1972).

> and in no way makes the testimony a <u>Giglio</u>
> violation. The Defendant failed to show
> counsel was deficient in not raising the
> cocaine transaction, which would likely have
> prejudiced Defendant, or that the verdict
> would have been favorably different had the
> jury been informed of a cocaine transaction in
> addition to the charged marijuana transaction.

Exh. 20 at 5, ¶16.

To obtain relief on his <u>Giglio</u> claim, Petitioner must "prove:
(1) the prosecutor knowingly used perjured testimony or failed to
correct what he subsequently learned was false testimony; and (2)
such use was material, <u>i.e.</u>, that there is any reasonable
likelihood that the false testimony could have affected the
judgment." <u>Trepal v. Sec'y, Fla. Dep't of Corr.</u>, 684 F.3d 1088,
1107-08 (11th Cir. 2012)(internal quotation marks omitted). Here,
the evidence adduced at trial overwhelmingly established that
Petitioner purchased marijuana from an undercover officer with the
currency he was handed for that purpose. <u>See</u> Exh. 27, Vol. II at
120, 133-34. Petitioner's argument that because he did not keep
the $10.00 because he gave it to another dealer does not render
Detectives Hare and Burch's statements that Petitioner was given
$10.00 for the purchase of marijuana false. Consequently,
Petitioner cannot demonstrate that any false evidence was presented
to prove a <u>Giglio</u> violation. Consequently, the Court finds ground
seven is without merit.

In **ground eight**, Petitioner claims that trial counsel was
ineffective because he failed "to object to the state attorney's
numerous improper statements during Petitioner's trial and the

state's closing arguments." Petition at 18.   In support,
Petitioner states that counsel failed to object to "the cumulative
effect of the State attorney's improper statements and comments to
the jury" and his closing argument, which was "peppered with
improper arguments," such as "impermissible bolstering of the
State's case by asserting superior knowledge and certainty of the
State's witness Deputy Duane Portoff."   Id.   Petitioner raised
this claim as ground eight in his Rule 3.850 motion.   Exh. 18 at
33.   The appellate court *per curiam* affirmed the postconviction
court's order summarily denying this claim.   Thomas v. State, 22
So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

In its order denying Petitioner relief, the postconviction
court first found that Petitioner's claim was procedurally barred
because claims of prosecutorial misconduct, as underlying claim of
ineffective assistance of counsel, are not cognizable in a Rule
3.850 motion for postconviction relief.   Exh. 20 at 5, ¶17 (citing
Spencer v. State, 842 So. 2d 52 (Fla. 2003)).

Additionally, even if Petitioner's allegations were cognizable
in the Rule 3.850 proceeding, the postconviction court concluded
that Petitioner failed to prove ineffectiveness under the
Strickland standard:

> "it is not inappropriate for a prosecutor to comment on
> the credibility of witnesses, or to comment on the
> testimony or evidence." Ealy v. State, 915 So. 2d 1288
> (Fla. 2d DCA 2005); Davis v. State, 937 So.2d 273 (Fla.
> 4th DCA 2006). Defendant has failed to explain how, even
> if counsel had a legal basis to object to the
> prosecutor's comments, it might reasonably have changed

the outcome.  The defendant has failed to meet his burden
of proof as to either prong of <u>Strickland</u>.

<u>Id.</u> at 5-6, ¶17.

To the extent that Petitioner is seeking to raise a claim of
prosecutorial misconduct under the guise of an ineffective
assistance of counsel claim, the postconviction court denied
Petitioner's claim on an independent and adequate rule of Florida
procedure under Rule 3.850. In particular, the state
postconviction court found that Petitioner's claim of prosecutorial
misconduct was procedurally barred from consideration in a
postonviction motion based on <u>Spencer v. State</u>, 842 So. 2d 52
(Fla.2003). Under Florida law, claims that could have been raised
on direct appeal may not be reviewed in a rule 3.850 motion.
<u>Harmon v. Barton</u>, 894 F.2d 1268, 1270 (11th Cir. 1990).

Assuming *arguendo* that Petitioner's ineffective assistance
claim concerning counsel's failure to object to the State
Attorney's identified misconduct is not procedurally barred, the
Court finds Petitioner has failed to demonstrate his burden under
§ 2254(d) and (e). Petitioner in conclusory terms categorizes the
prosecutor's comments as "bolstering," but fails to identify what
the prosecutor said in closing or identify where in the transcript
the objectionable comments can be found. In Petitioner's Rule
3.850 motion, Petitioner cites to page 210 (lines 19-25) and page
211 (lines 1-6) as evidence of the prosecutor "asserting superior
knowledge and certainty of the State's witness Deputy Duane

Portoff."  Exh. 18 at 34.  Petitioner objects to the following
statements made by the prosecutor:

> Now, in this case here, the defendant - - first of all,
> the defendant is the guy in the video, otherwise there is
> no purpose having the conversation.  If you don't think
> the defendant is the guy in the video, stop listening.
>
> Ms. Monville, the FDLE analyst, she didn't know who he
> was.  And Mr. Pearce who testified that he attended for
> the past 20 years that church in front of which the
> defendant decided to be selling marijuana - - Mr. Pearce
> did not identify the defendant either.  The other
> witnesses all did, including, of course Officer Portoff,
> who knows the defendant.

Exh. 27, Vol. III at 210-211.

Florida courts allow attorneys wide latitude during closing
arguments.  Thomas v. State, 748 So. 2d 970, 984 (Fla. 1999).
Moreover, the Florida Supreme Court has stated that "[l]ogical
inferences may be drawn, and counsel is allowed to advance all
legitimate arguments."  Id.  Admittedly, "[a]ttempts to bolster a
witness by vouching for his credibility are normally improper and
constitute error."  United States v. Newton, 44 F.3d 913, 921 (11th
Cir. 1995)(citations omitted).  More specifically, it improper for
the "prosecution to place the prestige of the Government behind a
witness by making explicit personal assurances of the witness'
veracity."  Id. (citations omitted).  Thus, attempts to bolster a
witness by vouching for his credibility are improper only "if the
jury could reasonably believe that the prosecutor indicated a
personal belief in the witness' credibility."  United States v.
Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991)(citations omitted).
However, "[t]he prohibition against vouching does not forbid

prosecutors from arguing credibility . . . it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury." <u>United States v. Hernandez</u>, 921 F.2d 1569, 1573 (11th Cir. 1991). When a prosecutor voices a personal opinion but indicates that this belief is based on evidence in the record, the comment is not improper. <u>United States v. Granville</u>, 716 F.2d 819, 822 (11th Cir. 1983)(finding no prosecutorial misconduct where prosecutor supported testimony of two Government witnesses by pointing to matters in evidence). Here, there is no indication that the prosecutor was improperly vouching for Deputy Portoff. Consequently, the Court finds that counsel did not act deficiently in failing to object to these comments because they were not improper. Even if counsel had objected, there is no indication that such an objection would have been sustained. Moreover, Petitioner has not demonstrated that the prosecutor's comments were so improper as to render Petitioner's trial fundamentally unfair. Petitioner has not demonstrated that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Consequently, ground eight is denied.

In **ground nine**, Petitioner contends his attorney was ineffective for failing to object to the State Attorney and Lieutenant Donny Yates "taking evidence marked as exhibit number one (1) out of the courtroom, and did not open it in front of

[Petitioner] and counsel along with the trial judge, which derives from the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment." Petition at 19. In support, Petitioner explains that the exhibit "had the words cocaine and marijuana written on it, proving that the cocaine and marijuana were sent to FDLE in the same envelope." Id. Petitioner argues that counsel should have objected reasoning that his cocaine charge was *nolle prossed* "because of a break in the chain of evidence." Id. at 20. Petitioner raised this claim as ground nine in his Rule 3.850 motion. Exh. 18 at 36. The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim. Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The state court rejected Petitioner's argument suggesting that evidence had been tampered with as follows:

> As to Ground (9), Defendant alleges that counsel was ineffective for failing to object to evidence taken out of the courtroom during trial, as it may have been tampered with. The record refutes this claim, as there is no mention anywhere in the transcript that any evidence was removed from the courtroom. Further, counsel did object to the evidence using a chain of custody argument. [T. 158]. Counsel cannot be deemed ineffective for failing to prevail on an issue raised and properly rejected by the trial court. Spencer v. State, 842 So.2d 52 (Fla. 2003); Teffeteller v. Dugger, 734 So.2d 1009, 1020 (Fla. 1999).
>
> The Defendant failed to show counsel was deficient in not raising the cocaine evidence as it relates to this claim of tampering, which would likely have prejudiced Defendant, or that the verdict would have been favorably different had the jury been informed of the cocaine evidence in addition to the marijuana evidence.

-27-

Defendant has failed to meet his burden of proof as to either prong of <u>Strickland</u>.

Exh. 20 at 6, ¶18.

Petitioner has failed to establish that the subject exhibit was tampered with by anyone. Further, the record demonstrates that trial counsel did object to the proffered evidence, exhibit number one, on chain of custody grounds. Exh. 27, Vol. II at 158. The trial court denied the objection. <u>Id.</u> at 159. Consequently, the Court finds that the State courts' factual determinations were not unreasonable determinations based on the evidence presented. Further, the State courts' decisions were not contrary to or an unreasonable application of clearly established federal law. Ground nine is denied as without merit.

In **ground ten**, Petitioner assigns blame to trial counsel for failing to effectively cross-examine witness Tamara Monville. Petition at 21. As factual support, Petitioner states:

> Ms. Tamara Monville under direct examination, by the State Attorney Mr. John Mangin ask as to how she knew and recognize Exhibit Number One (1), she replied by saying: "As being the one in which I sign today". Ms. Tamara Monville's answer should have raised a red flag with trial counsel. Being that Petitioner and trial counsel had just witness[ed] the other Exhibit Number One (1) with the words cocaine and marijuana written on it. Which if the marijuana was in that envelope it was taken out and placed in another. Why else would Ms. Tamara Monville have to sign it that day of trial? Trial counsel failed to ask why was it that she signed it the day of trial and not the date of its being received by her. The day a chemical test should have been run for its contents and her to come up with her analysis.

Id. at 21-22.  Petitioner raised this claim as ground ten in his Rule 3.850 motion.  Exh. 18 at 39.  The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim.  Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court denied this claim finding Petitioner failed to carry his burden of proof under either prong of Strickland:

> As to Ground (10), Defendant alleges that counsel failed to adequately cross examine the FDLE witness regarding the allegedly opened evidence envelope, or the marijuana evidence possibly being removed from the original envelope and placed in a new one.  These allegations are mere speculation.   The record indicates counsel did establish that the marijuana evidence weighed 6/10 of a gram, significantly less than 20 grams.  [T. 161]. Defendant does not allege what, if any, further favorable information could have been elicited by a more vigorous cross-examination of the witness.  Carroll v. State, 815 So.2d 601, 613-614 (Fla. 2002).  The Defendant has failed to meet his burden of proof as to either prong of Strickland.

Exh. 20 at 6, ¶20.

The trial transcript shows that Tamara Monville testified as an expert chemical analyst from the Florida Department of Law Enforcement.  She did not witness the drug sale transaction, but was the lab analyst who concluded the evidence submitted to the laboratory was cannabis. During Ms. Monville's testimony Petitioner's attorney objected to the chain of custody of the cannabis:

> DEFENSE COUNSEL: We do object, Your Honor. The -- the evidence presented at this point fails to show a continuous chain of custody of the evidence. The witness testified she received it on July 26th, the lab report says it was received July 24th.
>
> THE COURT: Anything further? Any arguments or further testimony?
>
> PROSECUTOR: I--that doesn't obstruct the chain of custody at all. I'll be glad to ask another question, Your Honor.
>
> BY THE PROSECUTOR:
> Q. Ms. Monville, is there some discrepancy between when it was received and when you tested it?
>
> A. It was received into the laboratory July 24th, however, I received it from our evidence section on July 26, 2002.
>
> Q. So you didn't test it immediately upon when it came in?
>
> A. That's correct.
>
> THE COURT: It will be admitted - - I'll overrule the objection. It will be admitted.

Exh. 27, Vol. II at 158-159.

The Court finds that the state courts' rejection of this claim are objectively reasonable and the State courts' factual determinations were not unreasonable determinations based on the evidence presented. Further, the State courts' decisions were not contrary to or an unreasonable application of clearly established federal law. Ground ten is denied as without merit.

In ground eleven, Petitioner claims trial counsel was ineffective "by neglecting to proffer" a "complete record for the

Petitioner to participate in the appeal process." Petition at 23. In support, Petitioner vaguely states that "rulings made by the trial court" were "omitted." Id. Petitioner alleges he was prejudiced in his appeal "without the complete record." Id. Petitioner raised this claim as ground eleven in his Rule 3.850 motion. Exh. 18 at 41. The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim. Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

> The postconviction court denied this claim as follows:

> As to Ground (11), Defendant claims that counsel was ineffective for failing to proffer the complete record for appellate review. Defendant believes sections of the transcript are missing with court rulings that should have been subject to appellate review. However, the record appears complete, and is certified by the reporter. A copy of the certification is attached. This is a conclusory allegation for which Defendant has failed to meet his burden of proof as to either prong of Strickland.

Exh. 20 at 7, ¶21.

Likewise, in the instant Petition, Petitioner does not provide any substantive factual support for his bald assertion that counsel failed to ensure a complete record. See generally Petition at 23. Petitioner does not identify what parts of the record are missing. Id. The Court finds Petitioner's claim facially insufficient to establish either Strickland's performance or prejudice prong. See Boyd v. Commissioner, Ala. Dep't of Corr., 697 F.3d 1320, 1333 (11th Cir. 2012)(rejecting Strickland claim as facially insufficient); Garcia v. U.S., 456 F. App'x 804, 807 (11th Cir. 2012)(finding petitioner's bare allegations that the transcripts

were altered without identifying which statements were misattributed to him fails to meet his prejudice burden."). Based upon the foregoing, the Court finds that the state courts' denial of this claim was neither contrary to nor an unreasonable application of Strickland. Consequently, ground eleven is denied.

In **ground twelve**, Petitioner faults trial counsel for failing to object "to trial Judge [sic] misinstructions concerning the verdict form." Petition at 24. In support, Petitioner claims that the trial court gave the same instruction for the sale and delivery of cannabis within 100 feet of place of worship and possession of cannabis with intent, and failed to give the jury the instruction concerning "possession of cannabis with intent." Id. Petitioner raised this claim as ground twelve in his Rule 3.850 motion. Exh. 18 at 44. The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim. Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court, in denying Petitioner relief on this claim stated:

> As to Ground (12), Defendant contends that counsel failed to object when the trial judge allegedly "misinstructed" the jury by not giving the instruction for possession with intent. The record refutes this claim. The trial judge did give the proper jury instruction for possession with intent, Fla. St. Cr. Jury Inst. 25.2 [T. 230-232]. Counsel did object to certain lesser included offenses being included on the verdict form [T. 188-189], and to jury instructions on those lesser included offenses [T. 244-245]. Counsel cannot be found ineffective for failing to object to a standard jury instruction when the Florida Supreme Court has repeatedly upheld the validity of these

-32-

instructions. <u>Freeman v. State</u>, 761 So.2d 1055 (Fla. 2000).

Exh. 20 at 7, ¶22.

Here, the record conclusively shows that the trial court did not give the same instruction for the sale and delivery of cannabis within 100 feet of place of worship and possession of cannabis with intent. <u>See</u> Exh. 27, Vol. III at 225-240. Further, the trial court did give the instruction for possession with intent. <u>Id.</u> at 230-232. The Court finds that the state courts reasonably concluded that trial counsel was not ineffective for failing to object to the standard jury instruction. <u>See Thompson v. State</u>, 759 So.2d 650, 665 (Fla. 2000) ("[T]rial counsel's failure to object to standard jury instructions that have not been invalidated by this Court does not render counsel's performance deficient."). Consequently, it would have been frivolous for counsel to object to a standard jury instruction. Counsel's failure to raise non-meritorious issues is not considered ineffective assistance of counsel. <u>Freeman v. Att'y Gen. Fla.</u>, 536 F.3d 1225, 1233 (11th Cir. 2008)(stating "[a] lawyer cannot be deficient for failing to raise a meritless claim . . . ."). Accordingly, ground twelve is denied.

In **ground thirteen**, Petitioner alleges that his trial counsel was ineffective for failing "to proffer and preserve for appellate

-33-

review" alleged testimony by investigator Barbara Hare.   Petition at 26.   In particular, Petitioner contends that Ms. Hare in response to questioning on direct examination stated, "Which buy are we talking about?"   Id.   After the statement by Ms. Hare, Petitioner claims that trial counsel asked for a side bar and requested a mistrial.   Id.   Petitioner raised this claim as ground thirteen in his Rule 3.850 motion.   Exh. 18 at 46.   The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim.   Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction court denied this claim, finding "The record refutes this allegation, as this response appears nowhere in Officer Hare's testimony [T. 127-134]."   Exh. 20 at 7, ¶23.

Upon review of the record, and Ms. Hare's entire testimony, the Court finds the record is completely devoid of any such statement by this witness.   See Exh. 27, Vol. II at 127-134. Indeed, there is no record that a side bar or any exchange between the trial court and defense counsel took place.   See generally Id. "[W]here the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment."   Chandler v. U.S., 218 F.3d 1305, 1314 n. 15 (11th Cir. 2000)(alteration in original).   Thus, the postconviction court properly denied the claim as refuted by the record, and the Court denies ground thirteen as without merit.

-34-

In ground fourteen, Petitioner claims trial counsel committed error by failing to investigate and call Captain Romero of the Glades County Sheriff's Department as a witness.  Petition at 27. In support, Petitioner avers that Deputy Romero "would be a very good witness" for the defense because he would have testified that both marijuana and cocaine had been in the one evidence envelope when it was submitted to the Florida Department of Law Enforcement lab for testing.  Id.  Consequently, Petitioner argues that because his cocaine case was *nolle prossed* due to chain of custody issues, Officer Romero's testimony would have resulted in the underlying charges also being dismissed.  Id.  Petitioner raised this claim as ground fourteen in his Rule 3.850 motion.   Exh. 18 at 48.   The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim.   Thomas v. State, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction rejected this claim as speculative and conclusory as follows:

> As to Ground (14), Defendant claims counsel was ineffective for failing to call Glades County Captain Romero as a witness at trial. Defendant has failed to show the captain's availability for trial, and failed to show how the captain would have actually testified at trial and how such testimony would have helped his defense, instead offering only his own belief as to what he thought the deputy would testify to.   Defendant believes captain Romero would have testified that there were chain of custody issues with his case, that counsel could have then moved to suppress the evidence, and had the trial court granted the motion, then a different verdict might have been reasonably expected.   The Court finds this allegation to be speculative, conclusory, and unsupported by any depositions or sworn statements.

Defendant has failed to meet his burden of proof as to either prong of <u>Strickland</u>.

Exh. 20 at 7-8, ¶24.

The Court finds that the postconviction court's denial of this claim is not objectively unreasonable. As noted *supra*, trial counsel did object to the chain of custody of the narcotics evidence. Exh 27, Vol. II at 158. Further, Petitioner offers only speculation as to what Captain Romero would have said on the stand, without providing supporting affidavits or other sworn testimony showing he has a viable ineffectiveness claim. <u>See</u> <u>Evans v. Cockrell</u>, 285 F.3d 370, 377 (5th Cir. 2002)(stating "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative."). Petitioner does not provide the substance of Captain Romero's testimony, yet alone an affidavit. <u>See</u> <u>U.S. v. Ashimi</u>, 932 F.2d 643, 650 (7th Cir. 1991)(stating that a petitioner who alleges that an uncalled witness would provide favorable testimony must present evidence in "the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Moreover, Petitioner has provided no specific facts on which to base his conclusory allegations that the underlying charges would have been *nolle prossed*. Consequently, the Court finds that the state courts' denial of this claim was neither contrary to nor an

unreasonable application of <u>Strickland</u>.   The Court denies Petitioner relief on ground fourteen.

In **ground fifteen**, Petitioner claims counsel was ineffective due to his failure to include jury Instructions 2.04(c) or 2.04(e).[6] Petition at 28.   More specifically, Petitioner claims that the trial court asked defense counsel whether he wanted to include these two jury instructions because "Petitioner was allegedly heard talking on the audio during the showing of the videotape to the jury."   <u>Id.</u>   Petitioner raised this claim as ground fifteen in his Rule 3.850 motion.   Exh. 18 at 50.   The appellate court *per curiam* affirmed the postconviction court's order summarily denying this claim.   <u>Thomas v. State</u>, 22 So. 3d 554 (Fla. 2d DCA 2009); Exh. 23.

The postconviction denied Petitioner relief on this claim as follows:

---

[6]According to Respondent, Florida Standard Criminal Jury Instruction 2.04(c) provides:

> The defendant in this case has become a witness. You should apply the same rules to consideration of [his] [her] testimony that you apply to the testimony of the other witnesses.

> Florida Standard Criminal Jury Instruction 2.04(e) provides:

> A statement claimed to have been made by the defendant outside of court has been placed before you.   Such a statement should always be considered with caution and be weighed with great care to make certain it was freely and voluntarily made.

Response at 35, n. 11.

As to Ground (15), Defendant claims counsel was ineffective for failing to include jury instruction 2.04(c) or (e). The court notes that these instructions do not exist. Defendant may mean jury instructions 3.9(c) and (e), those for a Defendant who testifies and one who gave a confession or statement to police. The record indicates that jury instruction 3.9(d) was given, as Defendant did not testify [T. 238]. Instruction 3.9(c) does not apply since Defendant did not testify. Instruction 3.9(e) does not apply, as Defendant did not provide a statement to police. To the extent that Defendant takes issue with a comment on the end of the video possibly suggesting future drug transactions, the record reflects that counsel did object and move for a mistrial. [T. 118-119]. Counsel cannot be deemed ineffective for failing to prevail on an issue raised and properly rejected by the trial court. <u>Spencer v. State</u>, 842 So. 2d 52 (Fla. 2003); <u>Teffeteller v. Dugger</u>, 734 So. 2d 1009, 1020 (Fla. 1999). Defendant has failed to meet his burden of proof as to either prong of <u>Strickland</u>.

Exh. 20 at 8, ¶25.

Initially, Petitioner fails to identify where in the record the trial court inquired of trial counsel about the subject jury instructions. <u>See</u> <u>generally</u> Petition at 28. The Court independently did locate a remark by the trial court regarding instruction 2.03(e). In particular, in chambers, the following brief exchange occurred:

THE COURT: All right. And then either - I think would be 2.03(c) or (d) depending on whether Mr. Thomas testifies or not. 2.03(e) is all I have written down. I think that's statements. He really hasn't given a statement except that he was allegedly heard on the audio talking, so if you request it I'll give 2.03(e), Mr. Bryant. I usually give it if they say anything whatsoever.

MR. BRYANT: I'm not requesting it.

THE COURT: All right, I'll remove it from the packet.

Exh. 27, Vol. III at 170.

It is not entirely clear whether the subject jury instruction was 2.04(e), 2.03(e), or 3.9(e). Nonetheless, it appears that Petitioner is challenging counsel's failure to include an instruction concerning statements made by the accused. Petitioner fails to identify what statement he allegedly made that would be subject to the applicable jury instruction. Further, to the extent that Petitioner is referring to any comments heard on the audio, Petitioner maintained that he was not the person on the audio. Moreover, Petitioner did not testify in his own defense so any instruction regarding his testimony would not have been applicable. Furthermore, Petitioner fails to allege, yet alone demonstrate, prejudice by counsel's failure to include these jury instructions.

Based upon a review of the record, the Court finds that the State courts' decisions were not contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of the facts. Thus, the Court denies Petitioner relief on ground fifteen.

**Grounds 16-19: Trial Court Error**

Respondent contends that grounds sixteen, seventeen and eighteen are procedurally barred because they were not properly presented to the state court on direct appeal. Response at 37. In particular, although Petitioner raised each of the aforementioned grounds in his *pro se* additional brief in the Anders appeal, the appellate court did not consider these additional grounds because

-39-

his brief was untimely filed in contravention of the appellate court's order. _Id._ More specifically, on September 13, 2006, the appellate court issued an order to Petitioner to file his *pro se* brief within thirty days, stating:

> Ray Vincent Thomas shall serve his *pro se* brief within thirty days of the date of this order. If the *pro se* brief is not served within that time period, this appeal shall proceed on the briefs already filed. The court will not entertain any further motions from Thomas concerning the record in this case.

Exh. 10. Petitioner did not deliver his *pro se* brief to correctional officials until October 17, 2006, four days past the thirty day deadline. See Exhibit 11 (stamped "Provided to DeSoto C.I. on 10/17/06 For Mailing").

The Court will not consider these grounds procedurally defaulted due to Petitioner's failure to file a timely brief. Significantly, the appellate court did not expressly indicate that it was not considering these additional grounds on direct appeal. The Florida Rules of Appellate Procedure permit the appellate court to impose appropriate remedies when a party violates any rule or order of the court. Specifically Rule 9.410(a) states that the court "may impose sanctions" including "striking of briefs or pleadings . . . ." Fla. R. App. P. 9.410(a). Here, the appellate court did not strike Petitioner's untimely *pro se* brief. Additionally, "[p]ublic policy in Florida favors deciding controversies on their merits, even when an initial brief is untimely filed." Altman v. State, 41 So. 3d 1030, 1034 (Fla. 2d

DCA 2010). Consequently, the Court will address these grounds to the extent they raise a federal issue or the federal aspect of these grounds were raised on direct review.

In **ground sixteen**, Petitioner claims that "missing or omitted portions of the trial and sentencing transcript" prejudiced his rights to appeal in violation of the federal due process clause. Petition at 30. Petitioner raised a similar ground in his *pro se* additional brief in his <u>Anders</u> appeal, but did not raise the claim in terms of federal constitutional issue. Exh. 11 at 33. Instead, Petitioner specifically argues that the appellate review denied him "due process of state law as guaranteed by the constitution of this State." <u>Id.</u> (citing <u>Simmons v. State</u>, 200 So. 2d 619, 62-21 (Fla. 1st DCA 1967)).

To present a federal constitutional claim properly in state court, "the petitioner must make the state court aware that the claims asserted present federal constitutional issues." <u>Snowden v. Singletary</u>, 135 F.3d 732, 735 (11th Cir. 1998). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." <u>Duncan v. Henry</u>, 513 U.S. 364 (1995). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4 (1982).

Here, Petitioner *pro se* appellate brief relies upon and expressly cites to only Florida law. <u>See</u> Exh. 11. Petitioner did not cite to a single federal case in support of his claim. <u>See</u> <u>McNair</u>, 416 F.3d at 1303-1304 (finding federal dimension of claim unexhausted when petitioner never cited any United States Supreme Court precedent or federal appellate court cases); <u>see</u> <u>also</u>, <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995).

Thus, Petitioner did not satisfy the exhaustion requirement and would now be procedurally barred under Florida law from raising a federal claim on this issue before the State court. <u>Sullivan v. Wainwright</u>, 695 F.2d 1306, 1310 (11th Cir. 1983)(claims that should have been raised on direct appeal and were not are procedurally barred); <u>see</u> <u>also</u> <u>Rhines v. Weber</u>, 544 U.S. at 274; <u>Mize v. Hall</u>, 532 F.3d 1184, 1190. Petitioner does not establish an exception to the exhaustion requirement: that cause for the procedural default exists, that actual prejudice results form the procedural default, or that review is necessary to correct a fundamental miscarriage of justice. Consequently, ground sixteen is dismissed as procedurally defaulted because Petitioner did not raise the federal dimension of this claim on direct appeal.

Alternatively, the Court finds ground sixteen is without merit. Petitioner cannot demonstrate that his direct appeal proceeded with an incomplete record. Petitioner filed a motion to relinquish jurisdiction for reconstruction of the record. Exh. 3.

After a through response by the State, Exh. 5, the appellate court construed the motion as a motion to supplement the record, and, if Petitioner finds the record supplementation was incorrect, Petitioner was permitted to file a statement of evidence pursuant to Florida Rule of Appellate procedure 9.200(b)(4). Exh. 6. Petitioner submitted a record supplement to the appellate court. Exh. 7. Consequently, Petitioner was afforded an opportunity to demonstrate that the record was incomplete, and was permitted to an opportunity to supplement the record. The appellate court *per curiam* affirmed Petitioner's conviction and sentence. Exh. 12. Thus, in the alternative, Petitioner fails to demonstrate how he has been prejudiced in his appellate review by an allegedly incomplete record.

In **ground seventeen**, Petitioner assigns error to the trial court in failing to conduct an adequate <u>Richardson</u> hearing.[7] Petition at 31. As factual support, Petitioner claims that the trial court "placed the burden on the Petitioner's shoulders. Instead of this burden being on the State Attorney's." <u>Id.</u> Additionally, Petitioner claims that the trial court conducted the <u>Richardson</u> hearing only as an "after thought." <u>Id.</u> Petitioner

---

[7]<u>Richardson v. State</u>, 246 So. 2d 771, 774-75 (Fla. 1991)(requires a trial court to determine whether the state's discovery violation was; (1) inadvertent or willful; (2) trivial or substantial; and (3) prejudicial to the defendant's trial preparation.

raised this claim in his *pro se* additional brief to his <u>Anders</u> appeal.  Exh. 11 at 41.

Initially, the Court notes that neither Petitioner's instant Petition nor his *pro se* additional brief in his <u>Anders</u> appeal alleges a violation of federal constitutional law.  Consequently, the federal dimension of this claim, if any, has not been exhausted and is now procedurally barred.  Petitioner has not shown he is entitled to an exception to excuse his procedural default.

Even if ground seventeen is not procedurally barred, the ground warrants no relief because the claim fails to raise a federal issue for which habeas relief lies.  Whether the trial court conducted an inadequate <u>Richardson</u> hearing is purely a matter of Florida state law and is not cognizable in this federal proceeding.  <u>Cisneros v. McNeil</u>, 2008 WL 1836368 *5 (M.D. Fla. 2008).  A federal court may not issue a writ of habeas corpus to set aside a state court judgment "on the basis of a perceived error of state law."  <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984). Consequently, the Court dismisses ground eighteen as procedurally barred, and for failing to raise a federal issue.

Alternatively, to the extent that Petitioner challenges the trial court's decision to admit the videotape after conducting the <u>Richardson</u> hearing, the Court finds the claim is without merit.  It is a general tenet of federal habeas law that a reviewing court will not review a trial court's rulings concerning the admissibility of evidence.  <u>Lisbena v. California</u>, 314 U.S. 219,

228 (1941). Evidentiary rulings present cognizable habeas claims if the ruling is contrary to a specific constitutional right or renders the trial fundamentally unfair. McCoy v. Newsome, 953 F.2d 1252, 1265 (11th Cir.), cert. denied, 504 U.S. 944 (1992). This showing requires that the trial court error be "material in the sense of a crucial, critical, highly significant factor." Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991). A finding that the trial court's admissibility ruling was erroneous is not sufficient. Shaw v. Bony, 695 F.2d 528, 530 (11th Cir. 1983). Here, Petitioner does not allege, yet alone demonstrate, that the introduction of the second video tape denied him a right to due process; or, was so critical as to render his trial fundamentally unfair.

Nonetheless, the Court finds that the second video did not affect the fundamental fairness of Petitioner's trial. The undercover detective who participated in the drug transaction identified Petitioner at trial as the individual from whom he purchased the marijuana. The detective also testified as to events surrounding the drug transaction that were captured on the videotape. Thus, ground seventeen is without merit.

In ground eighteen, Petitioner claims the trial court erred in failing to *sua sponte* stop the trial to inquire as to whether Petitioner consented to his trial counsel admitting Petitioner's guilt during opening and closing statements. Petition at 32. Petitioner asserts that there was no substantial evidence to

-45-

establish that he agreed to trial counsel's strategy. Id. Petitioner raised this ground in his *pro se* additional brief in his Anders appeal. Exh. 11 at 46.

The record reflects that trial counsel reserved his opening statement. Exh. 27, Vol. II at 113 (stating in response to brief four sentence opening of the prosecutor that "the defense will reserve it opening statement"). After the state rested their case and the jury returned, the defense immediately rested. Exh. 27, Vol. III at 199. Consequently, the record refutes Petitioner's assertion that trial counsel admitted Petitioner's guilt during opening, as there was no opening by the defense.

As to Petitioner's claim that trial counsel admitted Petitioner's guilt during closing, as noted above, trial counsel during closing did suggest that "maybe" Petitioner might be guilty of the lesser included offense of delivery. Id., Vol. III at 222-223. The Court has previously concluded that trial counsel did not admit to Petitioner's guilt of either of the two counts in the Information. *Supra* at 14-17. Instead, he argued that at most "maybe" Petitioner could be found guilty of a lesser included offense, but did not concede guilt as to that offense either. Id. At most, the comment was trial strategy. Consequently, the factual predicate of Petitioner's claim is refuted by the record. Further, Petitioner does not identify any case authority to support his claim that the trial court erred and thus cannot meet either the "contrary to" or "unreasonable application of" requirement of §

-46-

2254(d).  Indeed, Petitioner does not have a constitutional right to a contemporaneous, on the record inquiry of whether he consented to trial counsel's strategic decisions, including the decision to concede guilt to a lesser included offense.  Bell v. Evatt, 72 F. 3d 421, 430 (4th Cir. 1995)(distinguishing Boykin's[8] requirement that a guilty plea be made knowingly and voluntarily from counsel's strategic decision to concede guilty to some of the offenses). Consequently, the Court finds that the State courts' decisions were not contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of the facts.   Thus, the Court denies Petitioner relief on ground eighteen.

In **ground nineteen**, Petitioner claims the trial court erred in denying Petitioner's motion to dismiss.   Petition at 33.   As factual support, Petitioner explains that trial counsel, filed a motion to dismiss the Information pursuant to "Fla. Stat. 907.045" for which the trial court held a hearing on December 2, 2002.  Id. Petitioner states that his motion was "denied without [the State] presenting any substantive or testimonial evidence."   Id. Petitioner raised this ground in his Anders brief.  Exh. 1 at 10. In particular, appellate counsel referred the appellate court to "the issue of whether a criminal defendant's success in a preliminary hearing prohibits further prosecution for the alleged

---

[8]Boykin v. Alabama, 395 U.S. 238 (1969).

-47-

offense."    Id.    In support, appellate counsel referred the appellate court to the holdings in State v. Conley, 799 So. 2d 400 (Fla. 4th DCA 2001) and State v. Hollie, 736 So. 2d 96 (Fla. 4th DCA 1999).

The Court finds that ground nineteen fails to raise a federal constitutional issue. A claim that the State failed to present any evidence in a preliminary hearing held pursuant to § 907.045,[9] Florida Statutes, does not present a federal constitutional claim. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." McCullough v. Singletary, 967 F.2d530, 535 (11th Cir. 1992). Moreover, Petitioner's claim in the state court argued only the state court's interpretation of state law, and therefore no constitutional issue was properly presented to the state court.   Consequently, the Court dismisses ground nineteen as it fails to raise a federal issue; and, the federal

---

[9]In pertinent part, Fla. Stat. § 907.045 provides:

a defendant who is in custody when an indictment, information, or affidavit on which she or he can be tried is filed may apply for a wri of habeas corpus attacking the indictment, information or affidavit, or the defendant may move to dismiss the indictment, information, or affidavit. A defendant who has been confined for 30 days after her ir his arrest without a trial shall be allowed a preliminary hearing upon application.

dimension of this claim, if any, was not raised to the State court below.

THEREFORE, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2.   The **Clerk of the Court** shall enter judgment accordingly; terminate any pending motions; and close this file.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).   Id.   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   Id. at § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED in Orlando, Florida, on this ___6___ day of ~~February~~, 2013.
*March*

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-50-